Gilmore, J.
In determining the rights of these parties, equity will look to the substance and not to the mere form of the transactions between them. The fact that the lands were conveyed by Wolfe to Towne in trust, and that the trustee executed the mortgage to secure the notes in this case, are matters of form only.
In equity, the deed of conveyance from Wolfe to Towne in trust for himself, McConnell, Backus, and Winkler, which specified the undivided interest which each took, constituted the trustee and cestui que trust tenants in common in the lands conveyed. The undivided interests of Towne and McConnell together was one-third, and they gave their joint note to Wolfe for one-third of the purchase-money. The undivided interests of Backus and Winkler was two-thirds, and they, in the same manner, gave their joint note for a corresponding amount of the purchase-money.
The mortgage executed by the trustee to secure these notes was, in effect, the same as if the legal title had been taken and held by the purchasers as tenants in common, and they had joined in a mortgage to secure the notes thus executed, and this would have been primarily a pledging of the undivided interests of the joint makers of the notes respectively as security for their payment, and secondarily as an entire security for the payment of both notes.
It is manifest that the mortgagee and makers of the notes all understood and intended that this should be the effect of the transaction ; and it was neither contemplated nor intended that the makers of one of the notes should, by the execution of the mortgage, be rendered personally liable as surety for the makers of the other.
There were no issues in the case authorizing or requiring the court to decide upon the ultimate liabilities of the makers of the notes to the payee. The equitable right of the mortgagors and mortgagee under the mortgage were alone before the court. The fact that Backus and Winkler, the makers of one of the notes, were at the time in..solvent, did not, therefore, affect these equitable rights. *495 The note to recover the interest of which suit was brought, not having matured, the payee was not in a situation to assert rights under it. The mortgagee had been paid all that was actually due to him at the time, and there remained a balance arising from the sale of the mortgaged premises for distribution. Here the only question in the case arises : Did the Court of Common Pleas err in overruling the motion of Towne and McConnell, and granting that of "Wolfe, and in ordering the whole of the balance remaining for. distribution to be applied as a payment on the note of Backus and Winkler?
To sustain these rulings of the court, it must be made to appear, either, 1. That, under the mortgage, "Wolfe had a right to direct the application of the money to be distributed ; or, 2. That the amount for distribution being insufficient to pay both notes, equity required the whole balance to be applied to the note of which the makers were insolvent.
As to the first: Counsel for Wolfe claim that he has a right to apply the whole sum to the payment of the Backus and Winkler note, “ because the mortgage is given to secure the payment of both notes; and, it not being specified in the mortgage that the proceeds, in case of sale, shall be ratably applied, the mortgagee has the right to say which note he will have it secure first.” The reason here given, as a predicate for the right, is insufficient. It is true that the mortgage was secondarily security for both notes; and it may be conceded, that, if the notes had been due, the payee could have proceeded at law, and collected the amount thereof from the makers of the solvent note, without resorting to the mortgage, because the note is an independent contract. Or the makers of one of the notes might voluntarily have paid it, which would have been performing an independent contract by which he had bound himself; and, in either event, the mortgage would have remained as a security for the full payment of the other note. All these supposed results might have been worked out through, and in pursuance of, the contracts by *496 which the parties had bound themselves. But, as has been said, the rights of parties, as they arise under the mortgage, alone are before us. We do not understand that, the absence of stipulations in the mortgage as to how the-proceeds were to be applied, gave the mortgagee a right to direct the application. On the contrary, if it was in his mind at the time, he should have had the stipulation giving such right inserted; and, in its absence, the chancellor will, direct the application in accordance with the equitable-rights of the parties in such ease. The contingency of a sale of the premises under the mortgage was probably not in the minds of the parties at the time of its execution, and hence there is no stipulation therein on the subject of distribution. The notes were not due, and he had no right to demand payment of them at the time; but, inasmuch as the mortgagors were consenting to a distribution, all that Wolfccould ask was that equity and justice should be done; and, clearly, he had no right to direct the distribution without reference to the equitable rights of all the mortgagors.
. 2. Did the fact that the makers of one of the notes, not yet due, was insolvent affect the equitable rights of the-parties under the mortgage ? We think not.
We have already seen that, to the extent of their respective interests in the land, the mortgage primarily and equally bound the mortgagors for the payment of their respective-notes.
The lands having been owned as tenants in common by the mortgagors, when they were sold under the mortgage, the fund arising'from the sale took the place of the lands, and in the same proportions that they were owners of the laud subject to the mortgage, they were in equity owners of the fund, subject to the mortgagee’s lien upon it for the payment of their respective notes; and in reference to the fund yet remaining for distribution, the mortgagors, to the ■extent of their respective interests therein, stand upon a perfect equality by the terms of the mortgage, which is the-only evidence there is of the intention of the parties to it.
*497 The notes secured by the mortgage are of the same date, and are to mature at the same time. “Equity delights in equality';” and as the fund arising from the sale under the mortgage is insufficient to pay both notes secured by it, the amount remaining for distribution must be applied pro rata upon both notes.
In ordering the whole amount to be applied to the payment of one of the notes, the .Court of Common Pleas erred; and the District Court erred in affirming the order.
The judgment of the District Court and final order of the Court of Common Pleas are reversed; and the cause is-remanded to the Court of Common Pleas with instructions-to distribute the fund pro rata upon both notes.

Judgment accordingly.

•Welch, O.J., White, Rex, and McIlvaine, JJ., concurred.